**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION**

MICHAEL ANTHONY EPSTEIN,

       Plaintiff,

    v.

GREGORY DOZIER; BREANNA
HOLLOWAY; WARDEN OF GEORGIA
CLASSIFICATION PRISON; WARDEN
HILTON HALL; COUNSELOR DUTCH OF
GEORGIA CLASSIFICATION PRISON; and
GEORGIA DEPARTMENT OF
CORRECTIONS,

       Defendants.

CIVIL ACTION NO.: 5:17-cv-107

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently housed at Coffee Correctional Facility in Nicholls, Georgia, filed a Complaint, as amended, pursuant to 42 U.S.C. § 1983. (Docs. 1, 5.) Plaintiff also filed a Motion for Leave to Proceed *in Forma Pauperis*. (Doc. 2.) For the reasons set forth below, the Court **DENIES** Plaintiff's Motion. For these same reasons, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint based on his failure to state a claim, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff *in forma pauperis* status on appeal.

## BACKGROUND

In his Amended Complaint, Plaintiff contends his Seminole County, Georgia, parole was revoked, even though that portion of his sentence expired. Plaintiff asserts he wrote grievances about receiving credit against his sentence while he was housed at the Georgia Diagnostic &

Classification Prison, as well as while he has been housed at Coffee Correctional. (Doc. 5.) He seeks monetary damages and his immediate release from confinement.

## STANDARD OF REVIEW

Plaintiff seeks to bring this action *in forma pauperis*. Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets, shows an inability to pay the filing fee, and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous, malicious, or fails to state a claim upon which relief may be granted or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

The Court looks to the instructions for pleading contained in the Federal Rules of Civil Procedure when reviewing a Complaint on an application to proceed *in forma pauperis*. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys . . . .") (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

# DISCUSSION

## I.     Whether Venue is Proper in This Court

A district court may raise the issue of defective venue *sua sponte*.  Collins v. Hagel, No. 1:13-CV-2051-WSD, 2015 WL 5691076, at *1 (N.D. Ga. Sept. 28, 2015) (citing Kapordelis v. Danzig, 387 F. App'x 905, 906–07 (11th Cir. 2010) (affirming *sua sponte* transfer, pursuant to 28 U.S.C. § 1406(a), of *pro se* prisoner's civil rights action from New York to Georgia); Berry v. Salter, 179 F. Supp. 2d 1345, 1350 (M.D. Ala. 2001); cf. Lipofsky v. New York State Workers Comp. Bd., 861 F.2d 1257, 1259 (11th Cir. 1988); and Nalls v. Coleman Low Fed. Inst., 440 F. App'x 704, 706 (11th Cir. 2011)).  When venue is improper, a court "shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought." 28 U.S.C. § 1406(a).  "The court may transfer the case if (1) the proposed transferee court is one in which the action 'could have been brought' and (2) transfer would be 'in the interest of justice.'"  Leach v. Peacock, Civil Action No. 2:09cv738-MHT, 2011 WL 1130596, at *4 (M.D. Ala. Mar. 25, 2011) (citing 28 U.S.C. § 1406(a)).  Trial courts generally have broad discretion in determining whether to transfer or dismiss a case.  Id. (citing England v. ITT Thompson Indus., Inc., 856 F.2d 1518, 1520 (11th Cir. 1988)).

This Court is not the proper venue to hear Plaintiff's claims against the named Defendants, except as to Defendant Hall.  28 U.S.C. § 1391(b) sets forth the applicable venue provisions:

> A civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Plaintiff complains, in part, about events occurring in Seminole County and Butts County, which are within the Middle District of Georgia. 28 U.S.C. § 90(b). Ordinarily, this Court would transfer this case, in the interest of justice, as venue is not proper in this Court.

However, as explained below, in this case, because Plaintiff fails to state a claim, the interest of justice would not be served by transferring this case to the Middle District of Georgia. Plaintiff's claims would be subject to dismissal in that court, and thus, transferring this case to another district would be futile. Accordingly, the Court should **DISMISS** Plaintiff's Complaint.

## II. Dismissal Pursuant to <u>Heck v. Humphrey</u> and <u>Rooker-Feldman</u> Doctrine

The allegations contained in Plaintiff's Complaint center around criminal proceedings in Seminole County, Georgia. There is no indication from his Complaint that Plaintiff's conviction has been reversed, expunged, invalidated, called into question by a federal court's issuance of a writ of habeas corpus, or otherwise overturned. (Doc. 5.) Consequently, this Court is precluded from reviewing his claims by the decision in <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).

In <u>Heck</u>, a state prisoner filed a Section 1983 damages action against the prosecutors and investigator in his criminal case for their actions which resulted in his conviction. The United States Supreme Court analogized the plaintiff's claim to a common-law cause of action for malicious prosecution, which requires as an element of the claim that the prior criminal proceeding be terminated in favor of the accused. 512 U.S. at 484. The Supreme Court reasoned:

> We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement, just as it had always applied to actions for malicious prosecution (footnote omitted).
>
> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose

unlawfulness would render a conviction or sentence invalid, (footnote omitted), <u>a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus</u>, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

<u>Id.</u> at 486–87 (emphasis added).

Under <u>Heck</u>, a plaintiff who is attempting "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," must make a showing that his conviction, sentence, or other criminal judgment was reversed, expunged, declared invalid by an appropriate state tribunal, or called into question in a federal court's issuance of a writ of habeas corpus. <u>Id.</u> If a plaintiff fails to make this showing, then he cannot bring an action under Section 1983. <u>Id.</u> at 489. Furthermore, to the extent a plaintiff contends that a favorable ruling on his claims would not invalidate his conviction, sentence, confinement, or other criminal judgment, the burden is on the plaintiff to prove this contention in order for his claims to proceed. <u>Id.</u> at 487. Although <u>Heck</u> involved a claim brought under 42 U.S.C. § 1983 for money damages, <u>Heck</u>'s holding has been extended to claims seeking declaratory or injunctive relief as well as money damages. <u>See</u> <u>Wilkinson v. Dotson</u>, 544 U.S. 74, 81–82 (2005); <u>Abella v. Rubino</u>, 63 F.3d 1063, 1066 (11th Cir. 1995); <u>see also</u> <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (1973) ("[W]e hold today that when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate

release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.").

"Under this standard, it is not unusual for a § 1983 claim to be dismissed for failure to satisfy Heck's favorable termination requirement." Desravines v. Fla. Dep't of Fin. Servs., No. 6:11-CV-235-ORL-22, 2011 WL 2292180, at *3 (M.D. Fla. May 23, 2011), *report and recommendation adopted by* No. 6:11-CV-235-ORL-22, 2011 WL 2222170 (M.D. Fla. June 8, 2011) (citing Gray v. Kinsey, No. 3:09–cv–324/LC/MD, 2009 WL 2634205, at *9 (N.D. Fla. Aug. 25, 2009) (finding plaintiff's claims barred by Heck's favorable termination requirement where plaintiff sought invalidation of his traffic conviction but failed to appeal the conviction in state court)); Domotor v. Wennet, 630 F. Supp. 2d 1368, 1379 (S.D. Fla. 2009) ("allowing the plaintiff to circumvent applicable state procedures and collaterally attack her convictions in federal court is the precise situation that Heck seeks to preclude" because the plaintiff entered into a plea agreement with knowledge of substantially all of the allegations that now form the basis of a Section 1983 action for damages); St. Germain v. Isenhower, 98 F. Supp. 2d 1366, 1372 (S.D. Fla. 2000) (holding plaintiff's convictions for the lesser-included offenses of false imprisonment and misdemeanor battery did not constitute a favorable termination and thus plaintiff's § 1983 action was precluded by Heck ); see also Cooper v. Georgia, No. CV413-091, 2013 WL 2253214, at *2 (S.D. Ga. May 22, 2013), *report and recommendation adopted by* No. CV413-091, 2013 WL 2660046 (S.D. Ga. June 11, 2013); Brown v. Renfroe, No. CV210-003, 2011 WL 902197, at *2 (S.D. Ga. Jan. 25, 2011), *report and recommendation adopted by* No. CV210-003, 2011 WL 892359 (S.D. Ga. Mar. 9, 2011), *aff'd sub nom.*, Brown v. Coleman, 439 F. App'x 794 (11th Cir. 2011).

In this case, Plaintiff has not shown that any underlying conviction or sentence has been favorably terminated. Rather, Plaintiff alleges that his term of parole has expired, yet he remains imprisoned, and he seeks monetary compensation. Even if Plaintiff is not challenging a conviction, he is at least challenging his confinement. However, Heck's bar to claims is not limited to claims challenging the validity of criminal convictions. It also applies to detentions absent convictions. See Cohen v. Clemens, 321 F. App'x 739, 741 (10th Cir. 2009) (In the immigration context, "Heck bar[red the plaintiff's] claims for damages because success on those claims would necessarily imply the invalidity of [his] detention."); Edwards v. Balisok, 520 U.S. 641 (1997) (applying Heck to a Section 1983 claim challenging procedures used to deprive a prison inmate of good time credits); Huftile v. Miccio-Fonseca, 410 F.3d 1136, 1137 (9th Cir. 2005) (applying Heck to a Section 1983 claim challenging civil commitment under California's Sexually Violent Predators Act); Hamilton v. Lyons, 74 F.3d 99, 102–03 (5th Cir. 1996) (applying Heck to a Section 1983 claim challenging the coercive nature of a pretrial detainee's confinement prior to giving a statement regarding pending charges).

For all of these reasons, the Heck decision unquestionably precludes Plaintiff's claims, and the Court should **DISMISS** Plaintiff's Complaint.

Additional grounds support dismissal of Plaintiff's putative Section 1983 claims. Pursuant to the Rooker-Feldman doctrine, the Court is without jurisdiction over Plaintiff's claims, which essentially seek review of state-court criminal proceedings against him. "The Rooker-Feldman doctrine derives from Rooker v. Fidelity Trust Company, 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983), and provides that, as a general matter, federal district courts lack jurisdiction to review a final state court decision." McCorvey v. Weaver, 620 F. App'x 881, 882 (11th Cir. 2015). Nor under the Rooker-Feldman

doctrine may a federal court "decide federal issues that are raised in state proceedings and 'inextricably intertwined' with the state court's judgment." See Datz v. Kilgore, 51 F.3d 252, 253 (11th Cir. 1995) (quoting Staley v. Ledbetter, 837 F.2d 1016, 1018 (11th Cir. 1988)). "Rooker-Feldman applies because, among the federal courts, Congress authorized only the Supreme Court to reverse or modify a state court decision." Helton v. Ramsay, 566 F. App'x 876, 877 (11th Cir. 2014) (citing Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)). Because Plaintiff, through this Section 1983 action, essentially asks this Court to invalidate the criminal charges against him in Seminole County, Georgia, this Court lacks jurisdiction over his claims.

For these reasons, the Court should **DISMISS** Plaintiff's non-conditions of confinement claims in their entirety.

### III.     Plaintiff's Claims Against Defendant Hall

In order to state a claim for relief under Section 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." Hale v. Tallapoosa Cty., 50 F.3d 1579, 1582 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law." Id. Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While a plaintiff need not provide detailed factual allegations, a complaint is insufficient if it offers no more than "labels and conclusions," or "an unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678 (citations omitted).

Here, Plaintiff fails to make any factual allegations against Defendant Hall indicating that Defendant Hall violated his constitutional rights. Instead, Plaintiff merely asserts that he filed a grievance regarding credit against his sentence, and Defendant Hall is the Warden at Coffee Correctional Facility. Section 1983 liability must be based on something more than a defendant's supervisory position or a theory of *respondeat superior*.[1] <u>Bryant v. Jones</u>, 575 F.3d 1281, 1299 (11th Cir. 2009); <u>Braddy v. Fla. Dep't of Labor & Emp't Sec.</u>, 133 F.3d 797, 801 (11th Cir. 1998). A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations. <u>Id.</u> at 802. "To state a claim against a supervisory defendant, the plaintiff must allege (1) the supervisor's personal involvement in the violation of his constitutional rights, (2) the existence of a custom or policy that resulted in deliberate indifference to the plaintiff's constitutional rights, (3) facts supporting an inference that the supervisor directed the unlawful action or knowingly failed to prevent it, or (4) a history of widespread abuse that put the supervisor on notice of an alleged deprivation that he then failed to correct." <u>Barr v. Gee</u>, 437 F. App'x 865, 875 (11th Cir. 2011).

Plaintiff seeks to hold Defendant Hall liable solely based on his supervisory position as the Warden at Coffee Correctional Facility. However, Plaintiff fails to present any facts indicating there is a causal connection between any actions of Defendant Hall and the alleged violation of Plaintiff's constitutional rights. He does not allege that Defendant Hall personally involved in the conditions that he complains of or that the conditions resulted from some custom or policy Defendant Hall promulgated or maintained. Plaintiff also fails to plausibly allege that Defendant Hall directed the allegedly unlawful conditions or ignored a widespread history of

---

[1] The principle that *respondeat superior* is not a cognizable theory of liability under Section 1983 holds true regardless of whether the entity sued is a state, municipality, or private corporation. <u>Harvey v. Harvey</u>, 949 F.2d 1127, 1129–30 (11th Cir. 1992).

abuse in this regard. In fact, Plaintiff fails to make any conclusory allegations that Defendant Hall was aware of or was personally responsible for the alleged violations of Plaintiff's constitutional rights.

What is more, "[a]n allegation that prison officials denied grievances does not 'support a finding of constitutional violations on the part of' those defendants." Gresham v. Lewis, No. 6:15-CV-86, 2016 WL 164317, at *3 (S.D. Ga. Jan. 13, 2016) (citing Bennett v. Sec'y, Fla. Dep't of Corr., No. 4:12CV32-MP/CAS, 2012 WL 4760856, at *1 (N.D. Fla. Aug. 27, 2012), *report and recommendation adopted*, No. 4:12-CV-00032-MP-CAS, 2012 WL 4760797 (N.D. Fla. Oct. 2, 2012) (quoting Raske v. Dugger, 819 F. Supp. 1046, 1054 (M.D. Fla. 1993)); see also Ludy v. Nelson, No. 5:14-CV-73-MTT-CHW, 2014 WL 2003017, at *3 (M.D. Ga. Apr. 18, 2014), *report and recommendation adopted*, No. 5:14-CV-73 MTT, 2014 WL 2003096 (M.D. Ga. May 15, 2014) ("However, the mere fact that a prison official denies a grievance is insufficient to impose liability under § 1983.") (citing Gallagher v. Shelton, 587 F.3d 1063, 1069 (10th Cir. 2009), and Baker v. Rexroad, 159 F. App'x 61, 62 (11th Cir. 2005)). To the extent Plaintiff makes an allegation that Defendant Hall's denial of Plaintiff's grievance violates Plaintiff's constitutional rights, such an allegation must fail.

Accordingly, the Court should **DISMISS** Plaintiff's claims against Defendant Hall.

## IV.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.[2] Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

---

[2] A certificate of appealability is not required in this Section 1983 action.

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous, and thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

The Court **DENIES** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis*. (Doc. 2.) I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint for failure to state a claim, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to appeal *in forma pauperis*.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later

challenge or review of the factual findings or legal conclusions of the Magistrate Judge. <u>See</u> 28 U.S.C. § 636(b)(1)(C); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Plaintiff.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 12th day of January, 2018.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA